IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS P. LAGANELLA,

        Plaintiff,

        v.

CORPORAL TERRY WEALAND,

        Defendant.

CIVIL ACTION NO. 1:16-cv-00518

(KANE, J.)
(SAPORITO, M.J.)

REPORT AND RECOMMENDATION

This is a pro se civil rights action brought under 42 U.S.C. § 1983 alleging malicious prosecution and false imprisonment. The defendant is a Harrisburg City police officer, Cpl. Terry Wealand, who is sued in his official and individual capacities. The complaint alleges that the action arises out of an unlawful search, seizure, and arrest on December 31, 2008. (Doc. 1). The defendant has filed a motion to dismiss for failure to state a claim. (Doc. 15). In his motion papers, Wealand contends that Laganella's claims are time-barred and, alternatively, he asserts that Laganella's claims fail as a matter of law.  Wealand also contends that he is entitled to qualified immunity.

We have also received Laganella's request for the appointment of counsel.  (Doc. 18).  The issues have been briefed and are ripe for

disposition.  For the reasons set forth below, we will recommend that the motion to dismiss (Doc. 15) be granted and the motion for appointment of counsel (Doc. 18) be deemed moot and denied.

I.      Background[1]

Laganella brought a similar action in this court against Wealand and others arising out of the same operative facts as alleged in the complaint.  See Laganella v. Don's & Son's Towing & Body Shop, et al., Civil Action No. 1:cv-11-1101.  That complaint was dismissed upon the defendants' motion, and the case was closed on January 19, 2012.

In this second action, Laganella alleges that Wealand initiated a traffic stop on December 31, 2008, in Harrisburg, Pennsylvania.  During the stop, Wealand noticed that Laganella's vehicle did not have the required emissions sticker and he learned that Laganella's license was suspended.  After issuing the citations for these infractions, Wealand asked Laganella to step out of the car to sign for the citations.  At that time, Wealand told Laganella that he was free to leave, but that the car would be towed because of Laganella's suspended license.  Wealand

---

[1] For purposes of resolution of the motion to dismiss, all of the facts are taken from Laganella's complaint and a copy of the decision of the Supreme Court of Pennsylvania in Commonwealth v. Lagenella, 83 A.3d 94 (Pa. 2013), which was attached to the complaint. (Doc. 1).

advised Laganella that Department policy required him to conduct an inventory of the vehicle's contents.   Laganella was permitted to stay and observe the inventory search.

When he began the inventory search, Wealand observed a jacket in the backseat of the car.   He asked Laganella if he wanted the jacket, and Laganella responded that he did.   Wealand advised that he had to check it for weapons, and as he squeezed the jacket, he felt a hard object, which Laganella indicated was an eyeglass case.   Wealand opened the eyeglass case with Laganella's permission and observed two bags containing marijuana seeds and several plastic bags with what Wealand believed to be cocaine residue.   At that point, Wealand placed Laganella under arrest, handcuffed him, and seated him behind the vehicle.

Wealand then resumed the search and discovered a Savage Stevens 20-gauge shotgun and a Sears-Roebuck .30-06 hunting rifle. Based upon an earlier computer check of Laganella's license, Wealand knew that Laganella was a convicted felon and could not possess weapons.   Laganella admitted the hunting rifle was stolen.

The trial court denied Laganella's motion to suppress evidence which was affirmed by the Superior Court of Pennsylvania. However, on December 27, 2013, the Supreme Court of Pennsylvania reversed on the basis that Wealand had no legal basis to tow Laganella's vehicle and, as a result, the inventory search was improper and evidence of the weapons found in the trunk should have been suppressed. It is on these facts that Laganella commenced this federal civil action in this court on March 25, 2016, naming Wealand as a defendant individually and in his official capacity as a police officer of the Harrisburg City Police Department.

As we are to construe pro se litigants' pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1992); Higgs v. Attorney Gen., 655 F.3d 333, 339 (3d Cir. 2011), Laganella's complaint, although inartfully drafted, raises claims under 42 U.S.C. § 1983 that Wealand engaged in malicious prosecution and false arrest or imprisonment, in violation of

Laganella's Fourth and Fourteenth Amendment rights.[2] This matter has been briefed and is ripe for a disposition

## II.          Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

---

[2] Laganella's complaint also references his parallel rights under the Pennsylvania state constitution. But there is no private cause of action for damages under The Pennsylvania Constitution.  See Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 Fed. App'x 681, 687 (3d Cir. 2011) (citing Jones v. City of Philadelphia, 890 A.2d 1188, 1208-16 (Pa. Commw. Ct. 2006), appeal denied, 9096 A.2d 1291 (Pa. 2006) (mem. table decision)).

allegation." <u>Morrow v. Balaski</u>, 719 F.3d 160, 165 (3d Cir. 2013) (quoting <u>Baraka v. McGreevey</u>, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991); <u>Johnsrud v. Carter</u>, 620 F.2d 29, 32–33 (3d Cir. 1980); <u>Holocheck v. Luzerne Cty. Head Start, Inc.</u>, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

III.   <u>Discussion</u>

A. <u>The plaintiff's claims against Wealand are time-barred</u>.

Wealand seeks dismissal of the plaintiff's complaint on the basis that the claims made therein are time-barred.   In determining the issue, we are guided by the following rules.   The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. <u>Montanez v. Sec'y Pa. Dep't of Corr.</u>, 773 F.3d 472, 480 (3d Cir. 2014); <u>see also</u> 42 Pa. Cons. Stat. Ann. § 5524.   The date of accrual of the cause of action

in a § 1983 action is determined by federal law.  <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009).  Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which the action is based." <u>Id.</u>

Here, Laganella contends that his causes of action accrued on March 24, 2014, the date the Court of Common Pleas of Dauphin County, Pennsylvania granted the request of the District Attorney of Dauphin County to enter a nolle prosequi in the criminal action. (Doc. 17, at 27).  Wealand contends that Laganella's false arrest or imprisonment claims accrued on December 31, 2008, the day of the traffic stop.  Wealand further contends that Laganella's malicious prosecution claim accrued on December 27, 2013, the day the Supreme Court of Pennsylvania ruled that Wealand's vehicle inventory search of Laganella's vehicle was unlawful.

Federal law is well established with respect to the appropriate dates upon which Laganella's claims accrued. A false arrest or imprisonment claim permits recovery of damages for "the time of detention up until issuance of [legal] process or arraignment, but not more." <u>Heck v. Humprey</u>, 512 U.S. 477, 484 (1994); <u>see also</u> <u>Wallace v.</u>

<u>Kato</u>, 549 U.S. 384, 389 (2007). Thus Laganella's false arrest or imprisonment claim accrued on or about April 17, 2009, when his preliminary arraignment took place. <u>See</u> <u>McCracken v. Wells Fargo Bank NA</u>, 634 Fed. App'x 75. 79 (3d Cir. 2015) (per curiam).

Meanwhile, a malicious prosecution claim does not accrue until the plaintiff's "conviction or sentence has been reversed on direct appeal., expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, <u>Heck</u>, 512 U.S. at 487. Thus, Laganella's malicious prosecution claim accrued on or about December 27, 2013, when his conviction and sentence were reversed by the Supreme Court of Pennsylvania and remanded with instruction that this evidence upon which he was convicted be suppressed. <u>See</u> <u>Munchinski v. Solomon</u>, No. 2:13cv1280, 2014 WL 11474847, at *6 (W.D. Pa. Sept. 15, 2014) (§1983 malicious prosecution claim accrued when conviction was invalidated by issuance of federal writ of habeas corpus, notwithstanding subsequent criminal proceedings), <u>aff'd in part, rev'd in part on other grounds</u>, 618 Fed. App'x 150 (3d Cir. 2015); <u>Brinson v. City of Philadelphia</u>, Civil Action

No. 11-7479, 2012 WL 642057, at *3 (E.D. Pa. Feb. 28, 2012)(same); see also Del Real v. Gamex, 330 Fed. App'x 110, 111 (7th Cir. 2009) ("[T]he state appellate courts decision ... caused [the plaintiff's] claim against the prosecutor to accrue. What might happen in a subsequent prosecution is neither here nor there; the claim accrues as soon as the only obstacle to the litigation - - the adverse judgment - - has been lifted.") (citing Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000)).

This lawsuit was filed on March 25, 2016, substantially more than two years after Laganella's claims accrued. Accordingly, they are barred by the applicable statute of limitations and this action should be dismissed.

### B.   Motion to Appoint Counsel

In light of our recommendation that Wealand's motion to dismiss be granted, it is also recommended that Laganella's motion to appoint counsel (Doc. 18) be denied as moot.

### C.   Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claims, the district court

must permit a curative amendment unless and amendment would be inequitable or futile. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). In this case it is clear from the facts alleged that amendment would be futile. It is therefore recommended that the plaintiff be denied leave to file an amended complaint following dismissal.

IV.   <u>Recommendation</u>

Based upon the foregoing, we RECOMMEND that:

1.   The defendant's motion to dismiss (Doc. 15) be GRANTED

and all claims against him be DISMISSED as untimely filed, pursuant to Fed. R. Civ. P. 12(b)(6), without leave to file a curative amendment;

2.   The plaintiff's motion to appoint counsel (Doc. 18) be

DENIED as MOOT; and

3.   The Clerk be directed to CLOSE this case.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: December 9, 2016

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS P. LAGANELLA,

        Plaintiff,

        v.

CORPORAL TERRY WEALAND,

        Defendant.

CIVIL ACTION NO. 1:16-cv-00518

(KANE, J.)
(SAPORITO, M.J.)

<u>NOTICE</u>

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 9, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local

Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_**s/ Joseph F. Saporito, Jr.**_
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: December 9, 2016